NARR in assumpsit by husband and wife, on a promissory note given to the wife. Plea of a set-off for goods sold, c.; money had, c., c., by defendant to said Smith and wife, at their instance and request; and for the use and occupation of a dwelling house, c., of the defendant by the said John Smith and Margaret, his wife, at their special instance and request, and by the permission and sufferance of the defendant. Demurrer and joinder. *Page 41 
 Bayard, jr., in support of the demurrer, said: — The plea of a setoff is like a declaration and must describe the debt to be set-off with the same certainty. (1 Ch. Pl. 574-5.) Nothing can be set-off which may not be sued for. Here the set-off alledges a debt due from Smith and wife;
but the married woman could not create such a debt; her contract would not bind her. (8 T. Rep. 545, Marshal vs. Rutten, 2 Wm. Blac. 1236; Cro.Jac. 645; 1 Taunt. Rep. 212.) Suit against husband and wife, on a contract with the wife dum sola, but alledging a promise after marriage held bad. (16 Johns. Rep. 281; 2 Chitt. Rep. 697; 18 C. R. 460; 10Barn. Cres. 558; 21 Eng. C. L. 128; 2 Esp. N. P. 594; Bull N. P. 179.) If the subjects of this set-off were in a declaration, it would be bad on general demurrer.
Huffington. — All the counts in the declaration, after setting out the note to the wife dum sola, alledge promises to husband and wife. If the set-off of promises to husband and wife be not proper, the declaration is improper, and the demurrer attaches to this defect.
The Court stopped Mr. Bayard, in reply. On a note `given to a married woman, the husband may join her or sue alone; if he join her, his separate debt cannot be set off, and the subject of this plea is the separate debt of the husband; for the wife could not bind herself by such contracts. Possibly a claim founded on a contract by the wife dum sola, might be set off in such a case as this; for that would be a joint obligation against a joint demand; as to which see 10 Barn. Cress.
558.
 Judgment for demurrant.